IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GERMAN QUILES** | : | 07-391-01 |
| **MARIA QUILES** | : | -02 |
| **GLORIA QUILES** | : | -03 |

## ORDER & MEMORANDUM

### O R D E R

**AND NOW**, this 24th day of February, 2009, upon consideration of defendant Maria Quiles's Rule 33 Motion to Vacate Sentence and Grant New Trial[1] (Document No. 147, filed February 10, 2009), joined in by defendants German Quiles and Gloria Quiles;[2] and The United States' Response to the Defendants' Motion for a New Trial Under Rule 33 (Document No. 152, filed February 19, 2009), for the reasons that follow in the attached Memorandum, **IT IS ORDERED** that defendants' Rule 33 Motion to Vacate Sentence and Grant New Trial is **DENIED**.

### M E M O R A N D U M

**I.     INTRODUCTION**

A detailed factual and procedural history is included in the Court's Memorandum and Order of August 13, 2008.  See Mem. & Order of Aug. 13, 2008, at 1–4 (Doc. No. 128); United

---

[1] Defendants have not yet been sentenced.  Thus, the Court will treat the motion as requesting a new trial.

[2] German Quiles and Gloria Quiles filed separate motions to join in Maria Quiles's Rule 33 Motion. (Doc. No. 149, filed Feb. 13, 2009; Doc. No. 151, filed Feb. 19, 2009.)  The Court granted both joinder motions.  (Doc. No. 150, filed Feb. 18, 2009; Doc. No. 153, filed Feb. 20, 2009.)

States v. Quiles, Nos. 07-CR-391-01, -02, -03, 2008 WL 3561618, at *1–2 (E.D. Pa. Aug. 13, 2008).  Accordingly, the Court sets forth in this Memorandum only the background necessary to resolve the motion presently before the Court.

An Indictment filed on July 12, 2007 charged defendants German, Maria, and Gloria Quiles with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 1) and sixteen counts of money laundering and aiding and abetting in violation of 18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 2 (Counts 2 through 17).  After a ten-day trial, a jury convicted defendants German and Maria Quiles on all counts on January 17, 2008.  The jury acquitted defendant Gloria Quiles of conspiracy to commit money laundering (Count 1) and ten counts of money laundering and aiding and abetting (Counts 2 through 11) and convicted her on the remaining six counts of money laundering and aiding and abetting (Counts 12 through 17).

Defendants German and Maria Quiles are husband and wife and proprietors of Aruba Incorporated ("Aruba"), a money service business located in North Philadelphia.  The Quiles's daughter, Gloria, served as secretary of Aruba and co-owned the business property with her father.  (Trial Tr. 95–96, Jan. 8, 2008; Trial Tr. 132–33, Jan. 14, 2008; Gov't Ex. 80.)

In July 2006, at the direction of Immigration and Customs Enforcement ("ICE") Special Agent Steven Galambos, a confidential source, Hector Ayala ("Ayala"), initiated contact with German Quiles at Aruba to launder drug money. (Trial Tr. 211, Jan. 9, 2008.)  Beginning in September 2006, Ayala conducted over thirty transactions at Aruba as part of an undercover investigation.  (Trial Tr. 53, Jan. 8, 2008.)  In that time, Ayala laundered approximately $175,900 in funds that he represented as proceeds from drug distribution.  (Trial Tr. 160, Jan. 7, 2008.) During every meeting with defendants, Ayala wore a body recording device.  (Trial Tr. 208–09,

Jan. 9, 2008; Trial Tr. 53, Jan. 8, 2008.) At trial, the government introduced recordings of some of these meetings.

Following the trial, all three defendants filed motions for judgment of acquittal under Federal Rule of Criminal Procedure 29 ("Rule 29") and for a new trial under Federal Rule of Criminal Procedure 33 ("Rule 33"). By Memorandum and Order dated August 13, 2008, the Court denied the motions of all three defendants. Mem. & Order of Aug. 13, 2008 (Doc. No. 128); United States v. Quiles, 2008 WL 3561618.

On February 10, 2009, Maria Quiles filed the instant Rule 33 Motion to Vacate Sentence and Grant New Trial ("Rule 33 Motion"). (Doc. No. 147, filed Feb. 10, 2009). In the motion, Maria Quiles argues that newly discovered evidence impeaching Ayala requires that the Court vacate her conviction and grant her a new trial. (Rule 33 Mot. ¶¶ 5–8.) Specifically, the motion asserts that Ayala "has recently been charged in the Court of Common Pleas in the County of Philadelphia with multiple counts [of] rape involving multiple juvenile victims, as well as multiple counts of Statutory Rape." (Id. ¶ 5.) This criminal conduct allegedly occurred during the time that Ayala was participating in the investigation of defendants. (Id. ¶ 6.)

German Quiles and Gloria Quiles filed motions to join in Maria Quiles's Rule 33 Motion. (Doc. No. 149, filed Feb. 13, 2009; Doc. No. 151, filed Feb. 19, 2009.) The Court granted both joinder motions. (Doc. No. 150, filed Feb. 18, 2009; Doc. No. 153, filed Feb. 20, 2009.)

## II.    STANDARD OF REVIEW—MOTION FOR A NEW TRIAL

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may grant a defendant's motion for a new trial based on newly discovered evidence if required in the interest

of justice.[3]  "Whether to grant a Rule 33 motion lies within the district court's sound discretion." United States v. Polidoro, No. 97-CV-383-02, 1998 WL 634921, at *4 (E.D. Pa. Sept. 16, 1998) (citing United States v. Mastro, 570 F. Supp. 1388, 1390 (E.D. Pa. 1983)).  To grant a Rule 33 motion on the basis of newly discovered evidence, five requirements must be met:

> (a) the evidence must be in fact newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Saada, 212 F.3d 210, 216 (3d Cir. 2000) (citing Gov't of the Virgin Islands v. Lima, 774 F.2d 1245, 1250 (3d Cir. 1985)) (further citation omitted).  The movant must meet all five of these requirements for the court to grant the motion for a new trial.  United States v. Austin, No. 03-CR-682, 2005 WL 2660365, at *1 (E.D. Pa. Oct. 14, 2005) (citing Saada, 212 F.3d at 218).  Furthermore, "[t]he movant has a 'heavy burden' in meeting these requirements." Saada, 212 F.3d at 216 (citing United States v. Ashfield, 735 F.2d 101, 112 (3d Cir. 1984)).

### III. DISCUSSION

#### A. Admissibility of the Newly Discovered Evidence

The newly discovered evidence on which defendants base their Rule 33 Motion is that Ayala was recently arrested and charged with multiple counts of sexual misconduct involving minors, including rape.  (Rule 33 Mot. ¶¶ 5–7; Gov't's Resp. 3–4, Exs. A and B.)  Ayala pleaded not guilty to the charges, and his state-court criminal trial is scheduled to begin in June 2009. (Def.'s Resp. 3–4, Exs. A and B.)  Defendants argue that such evidence is critical to impeach

---

[3] Federal Rule of Criminal Procedure 33 provides, in pertinent part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . . Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."

Ayala as a witness and thus requires a new trial.  (Rule 33 Mot. 10.)

      The evidence of such arrests, while charging Ayala with heinous conduct, would not be admissible to impeach his credibility as a witness.  "Generally, under the Federal Rules of Evidence, evidence that a witness was arrested is not admissible to impeach the witness unless the arrest resulted in a conviction."  United States v. Gonzalez, Nos. 92-CR-517-01, -02, 1993 WL 364711, at *10 (E.D. Pa. Sept. 13, 1993) (citing Fed. R. Evid. 609(a)(1) & (2)) (further citations omitted); see also Hafner v. Brown, 983 F.2d 570, 576 (4th Cir. 1992) (explaining "the general prohibition against introducing past arrests not leading to conviction" under the Federal Rules of Evidence).  However, evidence of a prior bad act of a witness may be admitted to impeach under the following theories:

> (1) under Federal Rule of Evidence 609, if the witness was convicted of the act and other circumstances apply; (2) under Federal Rule 608, "for the purpose of attacking . . . the witness' character for truthfulness," if the evidence is "probative of . . . untruthfulness"; or (3) to prove bias rather than bad character, subject to the usual Rule 403 weighing [probative value balanced against the danger of unfair prejudice].

United States v. Faison, No. 06-CR-18, 2006 WL 2473640, at *7 (E.D. Pa. Aug. 23, 2006).

      In the instant case, evidence of the arrest of and the charges against Ayala would not be admitted under Rule 609, as he has not been convicted of those charges.  Rule 608 would be similarly unavailing, as sexual misconduct involving minors is not probative of untruthfulness because it does not necessarily involve dishonesty or false statements.  Lastly, such evidence would not be admissible to show bias as there is no evidence that the federal government agreed to do anything with respect to Ayala's state-court charges in exchange for his participation in the investigation or his testimony at defendants' trial.  In fact, the government stated in its response to the Rule 33 Motion that it "was not aware of any alleged criminal misconduct by Ayala, or that criminal charges had been filed against Ayala, until after it received defendant's motion for a

5

new trial." (Gov't's Resp. 3 n.2.)

Moreover, at trial, the jury heard testimony regarding Ayala's financial arrangement with the government for assisting in the investigation of defendants. (Trial Tr. 203–04, Jan. 9, 2008.) In closing arguments, defense counsel forcefully attacked Ayala's credibility, arguing that he had a "license to lie" and likening him to the scorpion who stung the frog transporting him across the river, causing both to die, because it was just his nature. (Trial Tr. 165, 174–75, Jan. 15, 2008.) Finally, given the abhorrent nature of the crimes with which Ayala has been charged, any such evidence would likely prove so prejudicial as to be excluded under the balancing test of Rule 403.

In sum, as the newly discovered evidence of the charges against Ayala would not be admissible as impeachment evidence at trial, such evidence does not warrant the grant of a new trial under Rule 33.

### B.  The Requirements of Federal Rule of Criminal Procedure 33

Notwithstanding the Court's holding that the newly discovered evidence would not be admissible at trial, the Court will address defendants' argument that newly discovered impeachment evidence may serve as a basis for a new trial under Rule 33. The Third Circuit has established a five-factor test to determine whether newly discovered evidence warrants a new trial under Rule 33. See United States v. Saada, 212 F.3d 210, 216 (3d Cir. 2000) (citations omitted). The third factor requires that the newly discovered evidence "must not be merely cumulative or impeaching." Id. In the instant case, the newly discovered evidence of the arrest of and charges against Ayala is "merely impeaching"—evidence that would be used by defense counsel at trial to impeach Ayala as a witness for the government. Accordingly, under the plain language of Saada, this evidence is insufficient to support the grant of a new trial.

Defendants recognize that this factor—the fact that the newly discovered evidence is merely impeaching—"most compromises [their] request for a new trial." (Rule 33 Mot. 7.)  In addressing this issue, they rely on United States v. Lipowski, 423 F. Supp. 864 (D.N.J. 1976), for the principle that "[t]he fact that newly discovered evidence is impeaching in nature . . . does not preclude the granting of [a] Rule 33 Motion." (Id.)  The short answer to this argument is that Lipowski is distinguishable—it does not support defendants' position under the facts of the instant case.

Lipowski involved the main government witness and the victim of the crimes charged in the indictment—Vincent J. Rapisardi, Jr.  423 F. Supp. at 866.  He committed perjury during a hearing in the case, but it was not discovered until after the government had obtained a conviction.  Id.  That is the impeachment evidence that the district court concluded was sufficient to warrant the granting of a new trial.  Id. at 867.

The evidence of perjury in Lipowski stemmed from the false testimony by Rapisardi at a bail hearing that he had received a telephone call from an unknown person that was recorded by the government.  Id. at 866.  The unknown person stated that one of the defendants had threatened to burn down Rapisardi's shop; two days after Rapisardi testified at the bail hearing, his shop burned down.  Id.  Rapisardi also testified at the defendants' trial about the other crimes allegedly committed by the defendants but not about the arson or the telephone call.  Id.  After the trial and conviction of the defendants for the other crimes, defense counsel learned that Rapisardi had been indicted for the arson of his own shop and moved for a new trial.  Id.  At a hearing on that motion, a witness testified that Rapisardi had paid him to place the anonymous call and set fire to the shop.  Id.  This evidence demonstrated that Rapisardi had committed perjury at the bail restoration hearing, which defense counsel sought to use to impeach Rapisardi

at a new trial.

In analyzing the motion for a new trial, the Lipowski court began from the premise that "[o]rdinarily, newly discovered evidence affecting a witness' credibility at trial 'will not support a motion for a new trial, because new evidence which is 'merely cumulative or impeaching' is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial." Id. at 867 (citing Mesarosh v. United States, 352 U.S. 1, 9 (1956)).  The court held, however, that "the additional piece of impeaching evidence could have been the proverbial 'straw that broke the camel's back' with respect to Rapisardi's credibility, which would have almost assuredly resulted in a different verdict by the jury." Id.  As such, "the ordinary rule . . . for not granting a new trial is inapplicable . . . ." Id.  The court also determined that the newly discovered evidence "cast[] serious doubt over the authenticity of the [other] tapes introduced into evidence by the government . . . ." Id. at 867–68.  As the veracity of Rapisardi thus had a pervasive effect on the reliability of much of the evidence presented at trial, the court held that a new trial was warranted. Id. at 868.

Significant differences between Lipowski and the instant case persuade the Court that the instant case does not present a situation in which the ordinary rule precluding the granting of a new trial on the basis of newly discovered impeachment evidence is inapplicable.  In Lipowski, the newly discovered impeachment evidence did more than merely attack the veracity of the main government witness—the new evidence revealed that the witness had falsely accused one of the defendants by staging an anonymous telephone call and also called into question the authenticity of all of the tape recordings introduced by the government.  There is no such ripple effect at work in the instant case.  First, in Lipowski, the newly discovered impeachment evidence—that the witness had committed perjury at the defendants' bail restoration hearing—demonstrated that the

witness had lied about issues closely related to the trial. In the instant case, the crimes with which Ayala is charged have absolutely no relation to his role in the investigation or trial of defendants. Second, the newly discovered evidence in this case does not directly impact the evidence introduced at trial as did the evidence at issue in Lipowski. Accordingly, the Court declines to follow Lipowski and instead applies the usual prohibition against granting a new trial under Rule 33 on the basis of newly discovered impeachment evidence.[4]

## IV.    CONCLUSION

For all of the aforementioned reasons, defendants' Rule 33 Motion to Vacate Sentence and Grant New Trial is denied.

**BY THE COURT:**


**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**

---

[4] The government argues that the continuing viability of Lipowski is in question following the decision of the Third Circuit in Saada. (Gov't's Resp. 8.) As the Court concludes that Lipowski is distinguishable from the instant case, the Court declines to address the government's argument.