IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GERMAN QUILES** | : | **07-391-01** |

## ORDER & MEMORANDUM

### O R D E R

**AND NOW**, this 20th day of March, 2009, upon consideration of defendant's Motion to Stay Sentence Pending Appeal (Document No. 171, filed March 5, 2009); and The United States' Response to the Defendant's Motion for Release Pending Appeal (Document No. 179, filed March 16, 2009), for the reasons that follow in the attached Memorandum, **IT IS ORDERED** that defendant's Motion to Stay Sentence Pending Appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the government's request to **STRIKE** from the record defendant's account of the details of the allegations against Hector Ayala is **GRANTED**. That part of defendant's Memorandum of Law in Support of Motion to Stay Sentence Pending Appeal (Document No. 171, filed March 5, 2009) beginning at the bottom of the twelfth page of the Motion and Memorandum (the pages are not numbered) with the words "While Mr. Ayala was arrested in May, 2008 . . . ," and ending at the end of that paragraph on the thirteenth page of the Motion and Memorandum with the words " . . . is scheduled for June 22, 2009," is **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **FILE** the attached redacted copy of defendant's Motion to Stay Sentence Pending Appeal and Memorandum of Law in Support of Motion to Stay Sentence Pending Appeal, which reflects this ruling, and shall **SEAL** the original of the Motion and Memorandum (Document No. 171, filed March 5, 2009).

**MEMORANDUM**

**I.      INTRODUCTION**

A detailed factual and procedural history is included in the Court's Memorandum and Order of August 13, 2008.  See Mem. & Order of Aug. 13, 2008, at 1–4; United States v. Quiles, Nos. 07-CR-391-01, -02, -03, 2008 WL 3561618, at *1–2 (E.D. Pa. Aug. 13, 2008). Accordingly, the Court sets forth in this Memorandum only the background necessary to resolve the motion presently before the Court.

An Indictment filed on July 12, 2007 charged defendants German, Maria, and Gloria Quiles with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 1) and sixteen counts of money laundering and aiding and abetting in violation of 18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 2 (Counts 2 through 17).  After a ten-day trial, a jury convicted defendants German and Maria Quiles on all counts on January 17, 2008.  The jury acquitted defendant Gloria Quiles of conspiracy to commit money laundering (Count 1) and ten counts of money laundering and aiding and abetting (Counts 2 through 11) and convicted her on the remaining six counts of money laundering and aiding and abetting (Counts 12 through 17).

Defendants German and Maria Quiles are husband and wife and proprietors of Aruba Incorporated ("Aruba"), a money service business located in North Philadelphia.  The Quiles' daughter, Gloria, served as secretary of Aruba and co-owned the business property with her father.  (Trial Tr. 95–96, Jan. 8, 2008; Trial Tr. 132–33, Jan. 14, 2008; Gov't Ex. 80.)

In July 2006, at the direction of Immigration and Customs Enforcement Special Agent Steven Galambos, a confidential source, Hector Ayala ("Ayala"), initiated contact with German Quiles at Aruba to launder drug money.  (Trial Tr. 211, Jan. 9, 2008.)  Beginning in September 2006, Ayala conducted over thirty transactions at Aruba as part of an undercover investigation.

(Trial Tr. 53, Jan. 8, 2008.)  In that time, Ayala laundered approximately $175,900 in funds that he represented as proceeds from drug distribution.  (Trial Tr. 160, Jan. 7, 2008.)  During every meeting with defendants, Ayala wore a body recording device.  (Trial Tr. 208–09, Jan. 9, 2008; Trial Tr. 53, Jan. 8, 2008.)  At trial, the government introduced recordings of some of these meetings.

Following the trial, all three defendants filed motions for judgment of acquittal under Federal Rule of Criminal Procedure 29 ("Rule 29") and for a new trial under Federal Rule of Criminal Procedure 33 ("Rule 33").  By Memorandum and Order dated August 13, 2008, the Court denied the motions of all three defendants.  Mem. & Order of Aug. 13, 2008.

On February 10, 2009, Maria Quiles filed a Rule 33 Motion to Vacate Sentence and Grant New Trial ("Rule 33 Motion"), in which the other two defendants joined.  In the motion, Maria Quiles argued that newly discovered evidence impeaching Ayala required that the Court vacate her conviction and grant her a new trial.  Specifically, the motion asserted that Ayala "ha[d] recently been charged in the Court of Common Pleas in the County of Philadelphia with multiple counts [of] rape involving multiple juvenile victims, as well as multiple counts of Statutory Rape."  (Rule 33 Mot. ¶ 5.)  The Court denied the motion on the ground that the newly discovered evidence would not be admissible at trial and, because it was merely impeaching evidence, it was insufficient to warrant a new trial.  Order & Mem. of Feb. 24, 2009; United States v. Quiles, Nos. 07-CR-391-01, -02, -03, 2009 WL 466283 (E.D. Pa. Feb. 24, 2009).

On March 5, 2009, defendant German Quiles ("defendant") filed the instant Motion to Stay Sentence Pending Appeal.  In the motion, defendant argues that his appeal presents substantial questions of law, a favorable ruling on which would lead to a reversal of his conviction and a new trial.  Accordingly, defendant contends that pursuant to 18 U.S.C.

3

§ 3143(b), the Court must release defendant on bail pending appeal.

## II.    STANDARD OF REVIEW—MOTION FOR RELEASE PENDING APPEAL

Under Federal Rule of Appellate Procedure 9(c), the decision to release a defendant sentenced to a term of imprisonment pending appeal is governed by 18 U.S.C. § 3143(b). Section 3143(b) imposes two requirements that a defendant must meet in order to be released pending appeal: (1) the defendant must satisfy the court, by clear and convincing evidence, that he is unlikely to flee or pose a danger to the safety of any other person or the community if released; and (2) the defendant must establish that his appeal is not for the purpose of delay and that it raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence less than the total of time served.  18 U.S.C. § 3143(b); see also United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985).

In Miller, the Third Circuit detailed the legislative history that led to the enactment of § 3143(b) as part of the Bail Reform Act of 1984.  753 F.2d at 21–23.  The Act modified the standard for granting bail pending appeal because "Congress wished to reverse the presumption in favor of bail that had been established under the prior statute, the Bail Reform Act of 1966." Id. at 22.  While enacting a "much more stringent rule for bail pending appeal," the Senate made clear that the purpose of the Act was "not to deny bail entirely to persons who appeal their convictions . . . ." Id.

Under Miller, to be released on bail pending appeal, a defendant has the burden of proving:  (1) that he is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined

4

favorably to him on appeal, that decision is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal. Id. at 24. As the Court concludes that defendant has failed to satisfy the third element, it will address only that element in this Memorandum.

With respect to the third element, the Miller court defined a "substantial question" as one that is both "significant" and "either novel, which has not been decided by controlling precedent, or which is fairly doubtful." Id. at 23. Subsequently, the Third Circuit held that the absence of controlling precedent does not necessarily make a question substantial as the question may be clearly without merit. United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986). The court clarified the definition of "substantial," holding that the a question's significance should be assessed by whether the question is "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Id. at 89–90 (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (alterations in original) (internal quotation marks and further citations omitted)). In sum, the court adopted the approach that a question is significant if it is "fairly debatable."[1] Id. at 89.

### III. DISCUSSION

Defendant and the government dispute whether defendant's proposed appellate issues raise a substantial question of fact or law—the third element of the Miller test. Defendant argues that his appeal presents two substantial questions that are likely to result in reversal or an order

---

[1] The Third Circuit rejected the approach taken by some circuits which says that a "fairly debatable" question is a "close" question or one that could be decided either way. Smith, 793 F.2d at 89.

for a new trial on all counts. First, defendant contends that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt and that the Court erred in denying his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 ("Rule 29 Motion"). (Def.'s Mot. 11–12.[2]) Second, defendant argues that the Court erred in denying defendant's motion for a new trial on the basis of newly discovered evidence under Federal Rule of Criminal Procedure 33 ("Rule 33 Motion"). (Def.'s Mot. 12–14.) According to defendant, each of these issues presents a substantial question for appeal. The Court disagrees and will address each of defendant's arguments in turn.

### A. Rule 29 Motion

Defendant claims that the evidence presented at trial did not prove beyond a reasonable doubt (1) that he conducted financial transactions that affected interstate or foreign commerce; (2) that the transactions were conducted with property represented to be drug proceeds; (3) that he conducted business with Ayala with the intent to conceal or disguise the nature, location, source, ownership, or control of those drug proceeds; and (4) that he entered into a conspiracy with either Maria Quiles or Gloria Quiles. (Def.'s Mot. 11–12.) In ruling on defendant's Rule 29 Motion following trial, the Court addressed each of these arguments and held that a reasonable juror could have could have concluded that defendant was guilty beyond a reasonable doubt of money laundering and conspiracy to commit money laundering. Mem. & Order of Aug. 13, 2008, at 19–20; United States v. Quiles, Nos. 07-CR-391-01, -02, -03, 2008 WL 3561618, at *10 (E.D. Pa. Aug. 13, 2008).

On appeal, "[a] defendant challenging the sufficiency of the evidence bears a heavy

---

[2] Defendant did not number the pages of the motion. For clarity, the Court treats the first page of defendant's motion as filed (defendant's proposed order) as page 1.

burden." United States v. Casper, 956 F.2d 416, 421 (3d Cir. 1992) (citation omitted). As does the trial court in ruling on a Rule 29 motion, the appellate court weighing the sufficiency of the evidence must view the evidence in the light most favorable to the government. See United States v. Wasserson, 418 F.3d 225, 237 (3d Cir. 2005); United States v. Lopez, 271 F.3d 472, 486 (3d Cir. 2001) (citations omitted). "Appellate reversal on the grounds of insufficient evidence should be confined to cases where the failure of the prosecution is clear." Casper, 956 F.2d at 421. "The evidence need not be inconsistent with every conclusion save that of guilt, so long as it establishes a case from which a jury could find the defendant guilty beyond a reasonable doubt." Id. (citations omitted).

Defendant simply states that the evidence presented at trial was insufficient to sustain his convictions, but he is not specific. He does not point to any evidence that is lacking. In ruling on defendant's Rule 29 Motion, the Court thoroughly reviewed all of the evidence presented at trial. All of that evidence is summarized in the Memorandum and Order of August 13, 2009, and there is no need to repeat it in this Memorandum. "Having reviewed the evidence in its entirety in the light most favorable to the government, the Court concludes that the evidence presented at trial provided a sufficient basis for a reasonable juror to conclude that each of the defendants was guilty beyond a reasonable doubt of the crimes for which they were convicted." Mem. & Order of Aug. 13, 2008, at 11 (citing United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987)). Given the weight of the evidence against defendant, the Court's ruling that it was sufficient to sustain his conviction is not "fairly debatable" among jurists of reason. See Smith, 793 F.2d at 89.

Moreover, the Court's ruling was guided by controlling, well-established Third Circuit precedent. The Court relied on Third Circuit case law governing the standard of review for Rule

29 motions based on insufficiency of the evidence. As this standard is not an open question, courts have consistently held that a challenge to the sufficiency of the evidence does not present a substantial issue on appeal. See United States v. Roudakov, No. 03-CR-91, 2005 WL 3263048, at *4 (E.D. Pa. Dec. 1, 2005) (collecting cases). Accordingly, the Court concludes that the issue presented by defendant's appeal of the Court's denial of his Rule 29 Motion is neither novel, fairly doubtful, nor without controlling precedent. As such, the Court holds that this issue does not present a "substantial question" on appeal and that defendant has failed to satisfy the third element of Miller.

      **B.     Rule 33 Motion**

Defendant argues that his appeal of the Court's denial of his Rule 33 Motion based on newly discovered evidence also presents a "substantial question" satisfying the third element of Miller and warranting release pending appeal. (Def.'s Mot. 12–14.) In the Rule 33 Motion, defendant contended that newly discovered evidence that Ayala was recently arrested and charged with multiple counts of sexual misconduct involving minors was critical to impeach Ayala as a witness and thus required a new trial. (Rule 33 Mot. ¶¶ 5–7; id. at 10.) According to defendant, the Court's denial of the Rule 33 Motion was erroneous. (Def.'s Mot. 13–14.)

"Whether to grant a Rule 33 motion lies within the district court's sound discretion." United States v. Polidoro, No. 97-CV-383-02, 1998 WL 634921, at *4 (E.D. Pa. Sept. 16, 1998) (citing United States v. Mastro, 570 F. Supp. 1388, 1390 (E.D. Pa. 1983)). The Court's exercise of discretion, however, in ruling on defendant's Rule 33 Motion, was cabined by controlling precedent—the Federal Rules of Evidence and Third Circuit case law. Following this authority, the Court denied the motion on two grounds. First, the Court concluded that evidence of the arrests, while charging Ayala with heinous conduct, would not be admissible to impeach his

credibility as a witness under the Federal Rules of Evidence. Order & Mem. of Feb. 24, 2009, at 4–6; United States v. Quiles, Nos. 07-CR-391-01, -02, -03, 2009 WL 466283, at *2–3 (E.D. Pa. Feb. 24, 2009). Second, the Court held that the newly discovered evidence, because it was merely impeaching, did not satisfy the requirements of Rule 33, as that rule has been interpreted by the Third Circuit. Order & Mem. of Feb. 24, 2009, at 6–9 (relying on United States v. Saada, 212 F.3d 210 (3d Cir. 2000)). Neither of these grounds for denial raises a question for appeal that is novel or fairly doubtful.

Defendant does not raise any novel challenges to the Court's conclusions of law nor does defendant contend that the Court abused its discretion in denying defendant's Rule 33 Motion. Instead, defendant disagrees with the Court's decision not to hold an evidentiary hearing on the motion, contending that the Court was not fully aware of the circumstances of Ayala's alleged criminal conduct. (Def.'s Mot. 12.) Defendant recites details of the charges against Ayala without referencing any authority for the statements. (Id. at 12–13). These details are inflammatory and irrelevant, as they do not form the basis of a legal challenge to the Court's analysis. In its response, the government requested that the Court strike these allegations against Ayala from the record. (Gov't Resp. 8 n.5). For the foregoing reasons, the Court grants the government's request.

Turning to defendant's contention that the Court erred in declining to hold an evidentiary hearing, the Court concludes that this claim lacks merit. The Court's legal conclusions did not require an evidentiary hearing. Assuming *arguendo* that holding an evidentiary hearing would have placed the allegations recited in defendant's motion before the Court, such evidence would not have affected the Court's application of controlling legal precedent. In short, evidence of charges against a witness offered for impeachment purposes does not warrant a new trial. Thus,

the fact that the Court did not conduct an evidentiary hearing does not raise a substantial question for appeal.

As the Court's ruling on defendant's Rule 33 Motion was governed by precedent, the Court concludes that the issue presented by defendant's appeal of this ruling is neither novel, fairly doubtful, nor without controlling precedent; it does not present a "substantial question" on appeal. Accordingly, defendant has failed to satisfy the third element of Miller.

IV.   **CONCLUSION**

In sum, neither of the issues presented by defendant raises a substantial question for appeal, and defendant has not met the requirements of 18 U.S.C. § 3143(b)(1). For all of the aforementioned reasons, defendant's Motion to Stay Sentence Pending Appeal is denied.

**BY THE COURT:**

/s/ **Honorable Jan E. DuBois**
     **JAN E. DUBOIS, J.**